IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANSELMO FLORES PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-2920-K-BN |
| | § | |
| KRISTI NOEM, in her official capacity | § | |
| as Secretary of the Department of | § | |
| Homeland Security, ET AL., | § | |
| | § | |
| Respondents. | § | |

**ORDER REQUIRING SERVICE AND SETTING
EXPEDITED BRIEFING SCHEDULE**

Petitioner Anselmo Flores Perez ("Flores Perez"), detained at the Prairieland Detention Center, a facility in this district, filed this habeas action under 28 U.S.C. § 2241 on October 28, 2025 with the assistance of counsel, arguing that his detention by immigration authorities without a bond hearing violates both the Immigration and Nationality Act and the due process clause of the United States constitution. *See* Dkt. No. 1.

Related to the requested habeas relief, Flores Perez also filed an emergency motion for a temporary restraining order ("TRO") and/or preliminary injunction ("PI"). *See* Dkt. No. 2.

And United States District Judge Ed Kinkeade has referred this habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned has reviewed the filings in this case and has determined that

service and an expedited response from the United States Attorney's Office is required.

The Court therefore requests that the Clerk of Court electronically serve a copy of this order, together with a copy of the petition and its attachments, if any, and the TRO/PI motion on the United States Attorney for the Northern District of Texas.

The United States Attorney's Office, on behalf of Respondents, must file, by **November 6, 2025**, an answer, motion, or other response to the petition and the request for a TRO/PI (the "Response").

And Flores Perez may submit a reply brief to the Response by **November 10, 2025**. Any reply filed must be limited to the arguments raised in the Response and shall not include any new allegations of fact or new grounds for relief.

The undersigned further observes that a recent decision from another federal district in Texas may be potentially persuasive as to the disposition of Flores Perez's claim that his detention violates his constitutional right to procedural due process, and, so, habeas relief should be granted. *See Lopez-Arevelo v. Ripa*, ___ F. Supp. 3d ____, No. EP-25-CV-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025) (also cataloguing other recent decisions tackling the "new, expansive interpretation of mandatory detention under the INA" announced by *In re: Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).

SO ORDERED.

DATED: October 29, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE